**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY S. WHITNEY,

      Petitioner - Appellant,

vs.

STEVEN L. ANDRASCHKO,
Commandant, United States
Disciplinary Barracks,

      Respondent - Appellee.

No. 01-3016
(D.C. No. 00-CV-3275-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

    Mr. Whitney, a military prisoner appearing pro se, appeals from the district

court's dismissal without prejudice of his habeas petition, 28 U.S.C. § 2241, for

failure to exhaust military remedies. By way of background, Mr. Whitney was

convicted of rape, forcible sodomy, assault, assault consummated by a battery,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

and indecent assault, 10 U.S.C. §§ 920, 925, 928, 934, and was sentenced to a dishonorable discharge, seven years confinement, and reduction to E-1. With the exception of the assault conviction, which it found to be a lesser included offense of rape and forcible sodomy, the Air Force Court of Criminal Appeals affirmed the convictions, but credited Mr. Whitney with 22.5 days of prior confinement. United States v. Whitney, No. ACM 32807, 2000 WL 268291 (A.F. Ct. Crim. App. Feb. 22, 2000), review granted in part, 54 M.J. 321 (C.A.A.F. Sept. 7, 2000). It appears that Mr. Whitney's case is still pending in the Court of Appeals for the Armed Forces.

On appeal, Mr. Whitney argues that the district court should have granted the writ and ordered his release from military confinement. We are in agreement with the district court that Mr. Whitney must complete the military review process and that no exceptions to this requirement are present in this case; Mr. Whitney "can show no harm other than that attendant to resolution of his case in the military court system." Schlesinger v. Councilman, 420 U.S. 738, 758 (1975); see also Parisi v. Davidson, 405 U.S. 34, 40-42 (1972); Gusik v. Schilder, 340 U.S. 128, 133 (1950); New v. Cohen, 129 F.3d 639, 644-45 (D.C. Cir. 1997).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 2 -